RYAN ALEXANDER
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd. Ste. 58
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
Ryan@RyanAlexander.us
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE A. GOMEZ, an Individual,<br><br>                    Plaintiff,<br>    v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation and DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>                    Defendants. | Case No.: 2:16-cv-922<br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION:**<br>1) **Discrimination and Retaliation - 42 U.S.C. §12101, et seq.**<br>2) **Discrimination - NRS 613.330**<br>3) **Negligent Infliction of Emotional Distress**<br>4) **Negligent Hiring, Retention or Supervision** |

COMES NOW, Plaintiff JOSE A. GOMEZ ("Plaintiff"), by and through his attorney of record, Ryan Alexander, Esq. of the Ryan Alexander, Chtd., as and for their complaint against Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation, DOES I through X, inclusive, and ROE CORPORATIONS I-X, inclusive ("ULTA" or "Defendant"), and hereby complain, allege and state as follows:

**PARTIES**

1. Plaintiff JOSE GOMEZ was an employee of Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC., a Delaware Corporation.

2. Defendant ULTA is a Delaware Corporation that was doing business as "Ulta Salon" in Clark County, State of Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendant hereinafter designated as DOES 1-X, inclusive, and/or ROE CORPORATIONS 1-X, inclusive, who are in some manner responsible for injuries described herein, are unknown at this time.

1

Ryan Alexander, Chtd.
3017 West Charleston Blvd. Ste. 58, Las Vegas, NV 89102

1 Plaintiff, therefore, sues said Defendant by such fictitious names and will seek leave of the Court to
2 amend this Complaint to show their true names and capacities when ascertained.

3  4. Upon information and belief, at all times pertinent, Defendant were agents, servants, employees
4 or joint ventures of every other Defendant herein, and at all time mentioned herein were acting within
5 the scope and course of said agency, employment, or joint venture, with knowledge and permission
6 and consent of all other Defendants.

7  5. The Defendants are jointly and severally liable for each Defendant's actions.

## VENUE AND JURISDICTION

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 to redress the wrong done to them. Such action constituted discrimination on the basis of disability and retaliation.

7. Plaintiff timely submitted charges of discrimination on the basis of disability to the Nevada Equal Rights Commission.

8. The Equal Rights Opportunity Commission (EEOC) assumed jurisdiction over Plaintiff's jurisdiction over Plaintiff's charges pursuant to Title 42 United States Code § 2000 (e) and 42 U.S.C. §12101, et seq..

9. Plaintiff was mailed a "notice of right to sue within 90 days" from the EEOC on or about January 29, 2016.

10. Jurisdiction is conferred on this Court by 42 U.S.C. § 12101, et seq.

11. This Court has supplemental jurisdiction over the remaining Claims for Relief.

12. Venue for all causes of action stated herein lies in the District of the State of Nevada pursuant to 28 U.S.C. § 1391 as the acts alleged as a basis for federal claims took place within the boundaries of that district.

## GENERAL ALLEGATIONS

13. Plaintiff GOMEZ is a Hispanic adult male, and was an employee of Defendant ULTA. The Defendant is an employer within the State of Nevada and within the jurisdictional coverage of *Title VII of the Civil Rights Act* and the *Age Discrimination in Employment Act*.

14. GOMEZ was hired as Salon Assistant Manager by ULTA in or about January 2015.

15. GOMEZ suffers from hyperhidrosis, a dermatological condition where the sweat glands release abnormal amounts of sweat, in excess of that required to regulate body temperature.

16. ULTA was aware that GOMEZ suffered from hyperhydrosis.

17. After ULTA managers and co-workers noted, criticized and commented on GOMEZ's sweating, GOMEZ was subjected to unequal terms of employment.

18. It was clear that manager Kim Love and other management disliked and disfavored GOMEZ because of his medical condition.

19. GOMEZ performed his job functions well.

20. GOMEZ submitted two complaints to human resources about the discrimination he was enduring.

21. GOMEZ was demoted from Assistant Manager to Stylist.

22. GOMEZ was constructively terminated in or about June 16, 2015.

23. GOMEZ was constructively terminated due to his disability and in retaliation for engaging in protected activity.

24. GOMEZ filed a charge with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") on or about July 24, 2015.  The EEOC issued a Right to Sue letter on January 29, 2016.

25. The aforementioned acts and conduct by Defendant, its agents and employees were intentional, willful, wanton, malicious, and outrageous.

**FIRST CLAIM FOR RELIEF**

**(Americans with Disabilities Act 42 U.S.C. § 12101 et seq.)**

26. Plaintiff incorporates and re-alleges paragraphs 1 through 31 as if fully rewritten herein.

27.     The above discriminatory pattern and practice by defendant, its agents and employees violate the *Americans with Disabilities Act of 1990* as protected by 42 U.S.C. § 12101, et seq., and as amended by the ADA Amendments Act of 2008 ("ADAAA").

28.     Plaintiff's hyperhidrosis did not significantly impact his ability to work, and he could complete his tasks with only nominal accommodations.

29. Plaintiff was terminated in a discriminatory practice in violation the Americans with Disabilities Act of 1990 as protected by 42 U.S.C. § 12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA").

30. ULTA did not make reasonable accommodations to the known physical limitations of Plaintiff, discriminated against him for his disability and constructively terminated him because of his disability.

31. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

32. Due to the Defendants' conduct, Plaintiff was forced to retain RYAN ALEXANDER, CHTD. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### (Discrimination and Retaliation under NRS 613.330)

33. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

34. The actions of defendant, its agents and employees, violated the Nevada Revised Statutes 613.330.

35. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

36. Due to the Defendants' conduct, Plaintiff was forced to retain RYAN ALEXANDER, CHTD. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

## THIRD CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress)

37. Plaintiff incorporates and re-alleges the foregoing paragraphs as if fully rewritten herein.

38. The actions of Defendants, their agents and employees constitute negligent infliction of emotional distress upon Plaintiff.

39. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer

serious emotional distress and a worsening of his overall mental and physical condition in the time that followed his termination. He further suffered loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

40. Because of Defendant's acts or omissions, Plaintiff has been required to incur attorneys' fees and costs in bringing this action and request that the Court grant said fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention or Supervision)

41. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42. Defendant ULTA had a duty to properly supervise its employees.

43. The managing members of Defendants had the duty of assuring proper conduct by the employees under their direction and supervision.

44. Defendant breached their duty to supervise when the supervisors failed to take corrective action and proper arrangements for GOMEZ.

45. As a direct and proximate result of Defendants' negligent supervision, Plaintiff has suffered, and will continue to suffer, emotional distress and psychological trauma impairing his daily life, all to his damage.

46. Due to the Defendants' conduct, Plaintiff was forced to retain RYAN ALEXANDER, CHTD. to prosecute this action, and therefore is entitled to an award of reasonable attorney's fees and costs of suit incurred herein.

…

WHEREFORE, Plaintiff is entitled to judgment in their favor and against Defendants, jointly and severally, as follows:

1. For an award of past and future damages, including damages for past and future lost wages and benefits, anxiety, emotional distress, and suffering;

2. For all costs and all attorneys' fees incurred and accrued in these proceedings under 42 U.S.C. §

1  12205;

2  3.  For interest thereon at the legal rate until paid in full;

3  4.  For punitive and compensatory damages in an amount to be determined by this court; and

4  5.  For such other and further relief as the Court may deem just and proper.

Dated this 23rd of April, 2016.

                                          RYAN ALEXANDER, CHTD.

                                          RYAN ALEXANDER
                                          Nevada Bar No. 10845
                                          *Attorney for Plaintiff*